**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. JORDAN CHARLES KIRSCH, Defendant - Appellant. | No. 25-1826 D.C. No. 2:24-cr-00014-DLC-1 MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted February 26, 2026**
Spokane, Washington

Before: SUNG, H.A. THOMAS, and MENDOZA, Circuit Judges.

Appellant Jordan Kirsch appeals his conviction for violating 18 U.S.C.

§ 922(g)(8), arguing that the district court wrongly granted his request to represent

himself. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Although we have not specified what standard of review governs a trial

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's grant of a defendant's request to represent themselves, our precedent indicates that an abuse of discretion standard is appropriate. *United States v. Thompson*, 587 F.3d 1165, 1171 n.2 (9th Cir. 2009); *see also United States v. Johnson*, 610 F.3d 1138, 1145 (9th Cir. 2010) (noting that "we have not yet articulated the applicable standard of review to be applied" but that the permissive standard of *Indiana v. Edwards*, 554 U.S. 164 (2008), "suggests . . . abuse of discretion" review). The parties agree that abuse of discretion is the proper standard. Accordingly, we review the district court's decision to allow Kirsch to represent himself for abuse of discretion. *See Thompson*, 587 F.3d at 1171 & n.2 (reviewing grant of request to proceed pro se for abuse of discretion where the parties agreed to that standard).

Kirsch argues that the district court erred because it incorrectly applied *Faretta v. California*, 422 U.S. 806 (1975), rather than *Indiana v. Edwards*, 554 U.S. 164 (2008), in deciding whether to grant Kirsch's request to represent himself. We disagree.

*Faretta* recognizes a criminal defendant's constitutional right to represent themselves so long as they knowingly and voluntarily waive their right to representation by counsel. 422 U.S. at 818–19, 835. *Edwards* clarifies that this right is not absolute; a court may deny a defendant's request to represent themselves if the defendant is mentally competent to stand trial but is not

competent to do so without the assistance of counsel. 554 U.S. at 174–78.[1]

*Edwards* merely permits, but does not mandate, that a court deny such a defendant's request to represent themselves. *United States v. Ferguson*, 560 F.3d 1060, 1070 n.6 (9th Cir. 2009). Accordingly, a court does not abuse its discretion when it understands its authority under *Edwards* yet declines to prevent a defendant from proceeding pro se. *See Thompson*, 587 F.3d at 1172–73; *cf. Ferguson*, 560 F.3d at 1068–70 (remanding because the court approved the defendant's request based on its understanding that the defendant had an "absolute right" to represent himself).

Here, nothing in the record indicates that the district court mistakenly believed that Kirsch had an absolute right to represent himself. To the contrary, the transcript of the *Faretta* hearing indicates that the district court meaningfully considered Kirsch's mental health history by reviewing his competency evaluation, questioning him about aspects of the evaluation, and appointing standby counsel due to concerns about his ability to cope with the stress of trial. After extended discussion with Kirsch, the court decided to allow him to represent himself, although "with some hesitation." The court carefully considered Kirsch's capacity to represent himself, recognizing that it could exercise its discretion to bar Kirsch

---

[1] Kirsch does not dispute that he was competent to stand trial. He argues that, like the defendant in *Edwards*, he was competent to stand trial but was not competent to represent himself.

from doing so if it found that he was incompetent. *Edwards* requires nothing more. Accordingly, the trial court did not abuse its discretion, and we affirm Kirsch's conviction.

**AFFIRMED.**